## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**MINH VO, ET AL.**                                    **CIVIL ACTION NO.**

**VERSUS**                                              **22-255-SDD-EWD**

**ENTERGY COMPANY, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 11, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Minh Vo Certified Return Receipt Requested No. 7020 0640 0001 4750 7115
Huong Troung Certified Return Receipt Requested No. 7020 0640 0001 4750 6064
Minh-Tri Vo Certified Return Receipt Requested No. 7020 0640 0001 4750 6057
Anna Vo Certified Return Receipt Requested No. 7020 0640 0001 4750 6040
Sang Vo Certified Return Receipt Requested No. 7020 0640 0001 4750 6002
Richard Vo Certified Return Receipt Requested No. 7020 0640 0001 4750 6026

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MINH VO, ET AL.**                                            **CIVIL ACTION NO.**

**VERSUS**                                                     **22-255-SDD-EWD**

**ENTERGY COMPANY, ET AL.**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Because Minh Vo, Huong Troung, Minh-Tri Vo, Anna Vo, Sang Vo, and Richard Vo (collectively, "Plaintiffs")[1] have failed to establish this Court's subject matter jurisdiction, it is recommended that their claims in this case be dismissed without prejudice on the Court's own motion.

**I.  BACKGROUND**

On April 15, 2022, Minh Vo ("Mr. Vo") filed his original Complaint against Defendants Entergy Company and City Sewer.[2] In that Complaint, Mr. Vo stated that he and his family live in a duplex in Baton Rouge, Louisiana. He claimed that "[a]round August before January 2020," City Sewer "broke down" the fence that separated Mr. Vo's backyard from his neighbor's, "brought in the big Bore machinery and a couple of workers with shovels," and started "digging in his backyard." According to Mr. Vo, Entergy did the same thing about a year earlier. Mr. Vo claimed that after Entergy and City Sewer "finished their work," he felt that something was not right about the sewer

---

[1] Mr. Vo originally filed suit on behalf of himself and the other Plaintiffs. He was advised that because he is a non-lawyer, he could only represent himself without an attorney and could not represent any other person in this case, including the other Plaintiffs (*i.e.*, his wife and children (minor or otherwise)). As such, the Court ordered that each individual Plaintiff wanting to bring claims against Entergy and/or City Sewer must "sign and date the amended complaint, and underneath the signature(s), type or print his or her full name, address, and phone number." R. Doc. 7, p. 5. The Amended Complaint is signed by all Plaintiffs. *See* R. Doc. 8, pp. 2, 4-5. However, instead of including their respective phone numbers and addresses, Plaintiffs included their dates of birth and social security numbers. Further, the dates of birth for Plaintiffs Sang Vo and Richard Vo indicate that they are minors, who do not have capacity to sue in their own names and who cannot be represented by Mr. Vo. *See Dobbs v. Warden*, 2022 WL 4244283 (5th Cir. Sept. 15, 2022) (unpub.) (holding that even a "non-attorney parent or guardian cannot sue pro se on behalf of a minor child."). Regardless, it appears Plaintiffs tried to comply with the Court's Order, and their failure to fully comply is not part of the basis for the recommendation of dismissal without prejudice.

[2] *See* R. Docs. 1 & 3. Mr. Vo filed a Complaint (R. Doc. 1) on April 15, 2022, and a Notice of Request for Damages (R. Doc. 3). The Court construes these documents as a single filing and will refer to them collectively as the "Complaint."

system in his backyard. Mr. Vo told his son to call City Sewer to inspect his sewer to see what was wrong. Mr. Vo said that, although his son called "numerous times," City Sewer never came. After that, Mr. Vo and his family began experiencing overflowing toilets which led to "flooded areas" in the duplex. Mr. Vo and his family "cleaned up the mess," hired companies to assist them, and incurred other related expenses. Mr. Vo alleged that Entergy and City Sewer let him and his family live in a "hazardous environment." According to Mr. Vo, Entergy and City Sewer broke state and federal laws and rules regarding "safety work," and "safety environments." Mr. Vo sought to have Entergy and City Sewer pay for all damages they caused to his home, reimbursement for expenses paid to deal with the problems allegedly caused by Entergy and City Sewer, and payment of 1 million dollars to Mr. Vo and to each family member.[3]

Because federal district courts cannot hear all cases and subject matter jurisdiction could not be determined based on what Mr. Vo filed, the Court ordered Mr. Vo to file an amended complaint on a standardized, local form, stating specific facts to show that this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity jurisdiction) (the "October 6 Order").[4] The Court also explained why the allegations in the Complaint failed to establish the Court's subject matter jurisdiction. Specifically, the Court explained that the "oblique references to violations of unspecified federal laws," such as the vague references in the Complaint to alleged violations of federal laws and/or rules regarding "safety work" and "safety environments," were not enough to show a federal question under § 1331.[5] Likewise the facts in the Complaint were not detailed enough for the Court to decide whether Mr. Vo's Complaint presented a "colorable issue of federal law."[6] Similarly, regarding diversity jurisdiction, the Court explained that although the

---

[3] R. Doc. 1-2 & R. Doc. 3.
[4] R. Doc. 7. The standardized, local form for Complaint for a Civil Case was attached to the October 6 Order. *See* R. Doc. 7-1.
[5] *Id.*, at p. 3 (explaining why the allegations in the original Complaint did not present a "colorable issue of federal law," *i.e.*, state a federal question to give the Court jurisdiction under § 1331).
[6] *Id.*

2

amount in controversy requirement appears to be met given Mr. Vo's statement that he is seeking damages of "1 million dollars" for his "pain and suffering," plus repair of his homes and reimbursement of related costs, Mr. Vo had not alleged the citizenship of any party.[7] Further, the Court explained that the allegations regarding where Mr. Vo and his family "live"—*i.e.*, reside—is not sufficient to establish their citizenships for diversity purposes. The Court also clarified what information must be alleged to establish the citizenship of all parties (Plaintiffs, Entergy Company, and City Sewer).[8] After directing Mr. Vo to some information to help individuals who are representing themselves, the Court advised that Mr. Vo's amended complaint "must expressly address the issues discussed in [the October 6] Order" and warned that "this lawsuit may be dismissed if he files another lawsuit that fails to state a basis for the Court's jurisdiction."[9]

On October 24, 2022, Mr. Vo timely filed an Amended Complaint on the form he was given.[10] The section asking Plaintiffs to state the "grounds for filing this case in Federal Court (includ[ing] federal statutes and/or U.S. Constitutional provisions, if you know them)" is left blank.[11] The Amended Complaint form alleges that Plaintiffs "reside" at "1243-1245 Cristy Dr., Baton Rouge, LA 70815."[12] Regarding Defendants, the Amended Complaint alleges (1) Entergy is a business located in the State of Alabama, and (2) that City Sewer is a business located in the State of Louisiana.[13] The factual information in the Amended Complaint is essentially the same as what was in the original Complaint.[14] In summary, Plaintiffs allege that Entergy and City Sewer "came into Plaintiffs' backyard" to do some "work," which Plaintiffs claim they were not qualified to do.[15] In the process

---

[7] *Id.*, at p. 4-5.
[8] *Id.* (explaining what is necessary to allege the citizenship of an individual, a corporation, and a limited liability company (or other unincorporated entity) to establish that the Court has diversity jurisdiction under § 1332).
[9] *Id.*, at pp. 5-6.
[10] R. Doc. 8.
[11] *Id.*, at ¶ 1.
[12] *Id.*, at ¶ 2. The term "reside" is included on the form and was not supplied by Plaintiffs.
[13] *Id.*, at ¶ 3. Again, the term "located" is included on the form and was not supplied by Plaintiffs.
[14] *Compare* R. Docs. 1 & 3 *with* R. Doc. 8.
[15] *Id.* at pp. 3-5 (cleaned up).

of performing this work, Entergy and/or City Sewer "made a mistake," which "damaged the sewer system in Plaintiffs' backyard" and, ultimately, caused the toilets in Plaintiffs' homes to overflow multiple times and mold to grow in the homes. Instead of fixing their mistake or cleaning up the damages they caused, Entergy and/or City Sewer left Plaintiffs to incur expenses in attempting to clean up their mistake and the damages it caused.[16] Plaintiffs claim they cannot live in their homes until the mold is cleaned, so they have had to rent a house to live in. Further, Plaintiffs claim they have been "exposed to mold," are "seeing their doctor and taking medication," and are enduring "pain and suffering" from this situation. Plaintiffs seek the following damages: (1) for Entergy and City Sewer to "repair [Plaintiffs'] homes as soon as possible," (2) for Entergy and City Sewer to "pay back Medicare and Medicaid that helped [Plaintiffs] pay for doctor visits and medications," and (3) for Entergy and City Sewer to "pay[] for the pain and suffering" Plaintiffs have endured.[17]

## II.  LAW AND ANALYSIS

Unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts may only decide those cases over which there is federal subject matter jurisdiction. Generally, federal subject matter jurisdiction may be established in two ways. First, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[18] This Court also has subject matter jurisdiction over civil actions where the amount in controversy is more than $75,000.00, exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[19] A federal district court "must assume that the suit lies outside its limited jurisdiction…."[20] The burden

---

[16] Plaintiffs allege that they bought cleaning supplies and a water vacuum machine to clean their home, which took 2-3 hours every time the toilets overflowed; that they paid several professionals to inspect and repair the sewer system, the drywall in their second-floor bathrooms, and the flooring; and that they paid several professionals to inspect their homes to determine what type of mold is growing and to clean/repair all the mold damage in their homes. R. Doc. 8, pp. 3-6.
[17] *Id*., at ¶ 5.
[18] 28 U.S.C. § 1331 (federal question jurisdiction).
[19] 28 U.S.C. § 1332 (diversity jurisdiction).
[20] *See Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130 (5th Cir. 2022) (citations omitted).

of establishing federal subject matter jurisdiction is on the party asking the Court to exercise it (here, Plaintiffs).[21] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[22]

Because Plaintiffs' Amended Complaint does not specifically say whether they are asking the Court to exercise federal question jurisdiction under § 1331 or diversity jurisdiction under § 1332, the Court will analyze both. First, Plaintiffs have not established that this Court has federal question jurisdiction under § 1331. While the original Complaint included a few vague references to alleged violations of federal and/or state laws and rules regarding "safety work," "safety environments," and "hazardous environments,"[23] the Amended Complaint does not.[24] To the contrary, all references to potential violations of federal (or state) laws, rules, and regulations—however vague they may have been in the original Complaint—were removed from the Amended Complaint.[25] Further, as with the original Complaint, the factual allegations in the Amended Complaint do not establish a colorable issue of federal law.[26] At most, Plaintiffs' allegations regarding Entergy and/or City Sewer's "mistake" and the resulting damage to the sewer in Plaintiffs' backyard and to Plaintiffs' property, as well as claimed personal injuries due to mold exposure, suggest that Plaintiffs are trying to bring state law tort claims against Entergy and/or City Sewer.

While this Court can have jurisdiction over claims based on only state laws, Plaintiffs have not established that this Court has diversity jurisdiction under § 1332. The Amended Complaint

---

[21] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). Because Plaintiffs filed the lawsuit, they are the parties asking this Court to exercise subject matter jurisdiction over their claims.
[22] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[23] *See* R. Doc. 1-2.
[24] The October 6 Order explained that the amended complaint would take the place of the previous complaint and needed to include all defendants, claims, and facts. R. Doc. 7, p. 6.
[25] Even if they had not been removed, those "oblique references to violations of unspecified federal laws" are not sufficient to establish federal question jurisdiction under § 1331, as previously explained to Plaintiffs. *See* R. Doc. 7, p. 3, n. 11, citing *JRV Services, LLC v. Doster Construction Company, Inc.*, No. 19-100, 2019 WL 5580984, at *4 (M.D. La. Sept. 19, 2019) (quoting *Avits v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (cleaned up)).
[26] R. Doc. 7, p. 3, n. 10, citing *Hills v. Our Lady of the Lake Hospital, Inc.*, No. 21-280, 2021 WL 4143932, at *2 (M.D. La. July 15, 2021) (citations omitted).

5

alleges (1) that Plaintiffs reside at two addresses in Baton Rouge, Louisiana; (2) that Entergy is a business located in Alabama; and (3) that City Sewer is a business located in Louisiana.[27] These allegations do not sufficiently allege the citizenship of any party for diversity purposes;[28] however, because Plaintiffs used the local form provided and attempted, in good faith, to fix the jurisdictional allegations, the Court will assume that Plaintiffs intended to allege that they are domiciled in, and citizens of, Louisiana; that Entergy is an Alabama citizen (regardless of how its citizenship is determined); and that City Sewer is a Louisiana citizen (regardless of how its citizenship is determined). Even giving Plaintiffs the benefit of these assumptions, they have not established diversity jurisdiction since Plaintiffs would be citizens of Louisiana and City Sewer is also alleged to be a Louisiana citizen.[29] Further, a search of the public records of the Louisiana Secretary of State suggests that Entergy Corporation (which is one of many Entergy entities listed on the Secretary of State's website under "Entergy")[30] is a Delaware corporation with its principal place of business in Louisiana.[31] Because a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, Entergy Corporation seems to be a citizen of Delaware and Louisiana.[32] In other words, based on the information Plaintiffs provided, it appears that neither Entergy nor City Sewer is a citizen of a different state than Plaintiffs. Since complete diversity of

---

[27] R. Doc. ¶¶ 2 & 3.

[28] *See* R. Doc. 7, p. 4 & n.14 (explaining that "[f]or diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient.") and pp. 4-5, ns. 16-18 (noting that information is necessary to sufficiently allege the citizenship of an entity (such as a business) depends on what type of entity it is, and explaining (1) that to properly allege the citizenship of a corporation, one must allege the state where the corporation is incorporated and the state where it maintains its principal place of business, and (2) that to properly allege the citizenship of an LLC, one must identify each member of the LLC and allege that member's citizenship in accordance with the requirements of 28 U.S.C. § 1332(a) and (c) (citations omitted)).

[29] As explained above and in the October 6 Order, to establish diversity jurisdiction no plaintiff can be a citizen of the same state as any defendant.

[30] A search of the name "Entergy" on the Louisiana Secretary of State website returns over 100 results (not all active), some of which are corporations and others of which are limited liability companies. *See* https://coraweb.sos.la.gov/commercialsearch/commercialsearch.aspx (last accessed May 10, 2023).

[31] *See* https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=418945_6800D9A5D4 (last accessed May 10, 2023).

[32] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008), citing 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

6

citizenship among the parties appears to be lacking, Plaintiffs have not established that this Court has diversity jurisdiction under § 1332.[33]

Despite a chance to fix their jurisdictional allegations, the information provided does not establish that this Court has subject matter jurisdiction over Plaintiffs' claims. As failure to establish subject matter jurisdiction requires dismissal of a suit without prejudice,[34]

**IT IS RECOMMENDED** that the claims of Plaintiffs Minh Vo, Huong Troung, Minh-Tri Vo, Anna Vo, Sang Vo, and Richard Vo in this case be **DISMISSED WITHOUT PREJUDICE**.

## ORDER

**IT IS ORDERED** that the Clerk of Court shall send this Report and Recommendation to Plaintiffs at the address listed on PACER by regular and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on May 11, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] Although not as clear as the allegations in the original Complaint, it still appears that at least one Plaintiff's claims exceed the amount in controversy requirement of $75,000, exclusive of interest and costs. The itemized damages in the Amended Complaint total $56,017.07 and do not account for Plaintiffs' pain and suffering, which they previously indicated they valued as "1 million dollars" per Plaintiff. *See* R. Doc. 8, pp. 3-4. *See also* R. Doc. 1-2.

[34] *See Salcido v. Wilson*, 2022 WL 1564188, at *1 (5th Cir. 2022) (citations omitted).